LOTTINGER, Judge.
This is a suit for damages resulting from the wrongful seizure of an automobile belonging to the petitioner, Cartown, Inc. The defendants are Bryan Clem-mons, the Sheriff of the Parish of East Baton Rouge, Trinity Universal Insurance Company, the surety on an indemnity bond filed in a prior suit, and a Willie O. Mitchell, the party who had the automobile wrongfully seized. The Lower Court awarded judgment in favor of petitioner and against defendant, Trinity Universal Insurance Company. The defendant has appealed.
The damages upon which this suit is based result from the wrongful seizure of a new Buick automobile in a prior suit entitled Mitchell v. Gulf States Finance Corp. In that suit, Mitchell, claiming to be the owner of the said Buick, sued Gulf States Finance' Corp. to recover the possession of the automobile, and had the car seized by the Sheriff under a writ of sequestration. Gulf States Finance Corp. filed numerous exceptions and defenses and denied Mitchell’s ownership of the car. Cartown, Inc. intervened in said suit and claimed ownership of the Buick, as well as damages against Mitchell for the claimed wrongful seizure. Both Gulf States Finance Corp. and Cartown, Inc. were represented by the same counsel who represent Cartown, Inc. in the present proceeding. After the seizure of the automobile under the writ of sequestration, the Sheriff demanded of Mitchell an Indemnity Bond under the provisions of Title 13, Sections 3869 and 3870 of the Louisiana Revised Statutes. This bond was furnished by Mitchell as principal, and with Trinity Universal Insurance Company as surety in the amount of $6,000.00. Mitchell then filed a forthcoming bond in the sum of $3,000.00 under the provisions of Louisiana Code of Practice Articles 279 and 280, which were then in effect. After furnishing this bond, Mitchell gained possession of the automobile.
After disposing of various preliminary matters, and upon fixing the suit for trial on the merits, Mitchell voluntarily dismissed his suit and tendered the Buick back to the Sheriff. Gulf States Finance Corp., the holder of a first mortgage on the automobile, refused to accept the automobile on the basis that it did not own it, and Cartown, Inc., refused to accept the automobile on the basis that the Buick had been titled by Mitchell in the State of Texas. At this time, Mitchell had put some 9,000 miles on the automobile. The Buick was then placed in storage in Baton Rouge, where it remained at the time of trial of this matter, and Cartown, Inc. then brought this suit for the full amount of the claimed value of the Buick at the time it was sequestered, in the sum of $2687.00, plus damages for the wrongful seizure. At the time of filing of this *827 suit, Mitchell was a non-resident of the State of Louisiana and he was cited through an attorney ad hoc. In the meantime, the Sheriff had assigned the Indemnity bond to petitioner herein, Cartown, Inc., under the provisions of LSA-R.S. 13:3870. Upon exception of no cause or right of action, the Sheriff was dismissed as a party defendant herein, and the Lower Court awarded judgment in favor of petitioner and against Trinity Universal Insurance Company in the sum of $2687.00, plus damages in the sum of $1837.19. The defendant, Trinity Universal Insurance Company, has taken this appeal and the petitioner has answered the appeal seeking an increase in quantum.
The principal position of the defendant upon this appeal is its claim that this suit was improperly filed, based upon the provisions of the indemnity bond which was given by Mitchell to the Sheriff in the prior proceeding. The defendant takes the position that the Indemnity bond is solely for the protection of the Sheriff against any damages which he might have sustained as a result of the wrongful seizure. Defendant maintains that as the Sheriff acted under a valid writ of sequestration issued by the Courts, he cannot be held liable in damages to petitioner for executing these orders of the Court. The provisions of LSA-R.S. 13:3869 and LSA-R.S. 13:3870, relative to this Indemnity bond, are as follows:
LSA-R.S. 13:3869
“In all cases wherein the sheriffs or constables may have seized or may be required to seize any personal property, by virtue of any mesne or final process issuing from a court of competent jurisdiction, and which property shall be claimed by a third person as owner, either personally or in a representative or fiduciary capacity, upon giving the notice to the plaintiff or his attorney, and allowing due time for the execution thereof, the claimant may demand an indemnity bond, signed by the plaintiff or his attorney, and a solvent surety in an amount double the value of the property seized, conditioned upon the payment of all damages which the sheriff or constable may sustain in case such third person should be adjudged the owner of the property. Before any indemnity bond can be required of the plaintiff, the third person claiming the property or his attorney, having personal knowledge of the facts, shall make affidavit that he is the real bona fide owner of such property, either personally or in such representative or fiduciary capacity, and shall therein fully set forth all the facts on which his title or claim of ownership is based.”
LSA-R.S. 13:3870 '
“The sheriff may assign the bond by his indorsement to the person or persons claiming the property, who may maintain an action thereon, and may recover such damages as they may be found to have sustained. After this assignment no action shall be brought against the sheriff on account of the seizure unless the obligors of the bond are insolvent.”
A careful and thorough reading of these two sections convinces us that the Lower Court was correct in holding that the provisions of the Indemnity bond would apply as a basis of this suit. Section 3869 provides that “the claimant may demand an indemnity bond * * * conditioned upon the payment of all damages which the sheriff or constable may sustain in case such third person should be adjudged the owner of the property”. Revised Statute 13:3870 provides that the sheriff may assign the bond to the person or persons claiming the property, “who may maintain an action thereon, and may recover such damages as they may be found to have sustained.” This section further provides that after the assignment of the bond as therein provided, no action shall be brought against the Sheriff unless the obligors of the bond are insolvent. Although the provisions of the first sec *828 tion provide that the bond is to be conditioned upon the payment of the damages which the Sheriff may sustain, the following section extends this provision so as to include such damages as the claimant of the automobile may have sustained. In other words, upon assignment of this particular bond, the Sheriff withdrew from the picture and the bond remained for the protection of the claimant of the automobile, or the petitioner in this matter.
 The record discloses that the automobile was a new car at the time of its seizure in the prior suit. At the time that suit was dismissed and the car was tendered back to petitioner herein, many months had elapsed and the car had been driven in excess of 9,000 miles. It was further shown that a title had been issued to Mitchell under the laws of the State of Texas. Considering these facts, we feel that the petitioner had a right to refuse the tender of the automobile, and to maintain his suit in damages for the value of the car at the time of its seizure plus any expenses which he sustained. The Lower Court awarded judgment for the value of the car in the sum of $2687.00, plus interest at the rate of eight per cent per annum from August 21, 1953, which rate of interest is provided on the floor plan mortgage which had been given on the car by Cartown, Inc. to Gulf States Finance Corp. The Lower Court further rendered judgment for expenses sustained by petitioner in the sum of $1839.19, with legal interest thereon from date of judicial demand until paid. The petitioner herein claims additional expenses, wherein the defendant herein claims that the amount of expenses should be reduced. The expenses awarded consist of miscellaneous expenses, attorney expenses, in investigating the matter as well as filing the intervention on behalf of petitioner in the prior suit, as well as the traveling expenses to Texas for investigation purposes. These expenses are difficult to determine accurately inasmuch as the attorneys in question represented both Gulf States Finance Corp. and Cartown, Inc. in the prior proceeding, and it appears that some portion of these expenses should have been incurred on behalf of the Gulf States Finance Corp. It appears, although this is not stated in the reasons for judgment of the Lower Court, that the amount awarded as expenses was a compromise figure between the greater amount claimed by petitioner and the lesser amount claimed by defendant. We therefore find no error in the award by the Lower Court, and the judgment thereof will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court is affirmed. All costs of this appeal are to be paid by defendant.
Judgment affirmed. '